IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONTE PARRISH, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-0590
:
v. : Hon. John E. Jones III
:
:
COMMONWEALTH OF :
PENNSYLVANIA, :
:
    Respondent :

## MEMORANDUM

October 19, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Donte Parrish ("Petitioner" or "Parrish"), an inmate presently confined at the United States Penitentiary- Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, commenced this *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254.  Parrish challenges his convictions in the Court of Common Pleas of York County, Pennsylvania, for which he was sentenced on March 6, 2002 and June 19, 2002.

Presently before the Court is a Motion to Dismiss the Petition as Untimely, which was filed by the Office of the District Attorney of York County on behalf of

Respondent. (Doc. 8.) Also pending is Parrish's Motion to Accept the Petition as Timely (Doc. 9), which we construe as his reply to Respondent's Motion. For the reasons set forth herein, Parrish's Motion will be denied, Respondent's Motion will be granted, and the Petition will be dismissed.

**I.   FACTUAL BACKGROUND**

In its Motion to Dismiss, Respondent provides the following factual background concerning the 2002 York County convictions that Parrish is challenging in the instant Petition:

On March 6, 2002, Parrish pled guilty and was sentenced by the York County Court of Common Pleas to six (6) to twenty-three (23) months and ordered to pay restitution for the crimes of reckless endangerment, possession of a firearm without a license, and criminal mischief. (Doc. 8, Mot. to Dismiss, ¶ 3; Doc. 8-1, Copy of Criminal Docket in *Commonwealth v. Parrish*, Docket No. CP-67-CR-0005848-2001, at 3.[1]) Parrish did not file a direct appeal from his judgment of sentence. (Doc. 1, Pet., at 2 ¶ 8; Doc. 8 ¶ 4; Doc. 8-1.) He also has not filed any other petitions, applications, or motions concerning this conviction in any state court. (Doc. 1 at 3 ¶ 10.)

---

[1]Throughout this Memorandum, all citations to page numbers of documents filed to the docket in this action are to the page numbers generated by the CM/ECF System.

On June 19, 2002, Parrish pled guilty and was sentenced by the York County Court of Common Pleas to time served to twenty-three (23) months for the crime of terroristic threats, with time served to be concurrent with his sentence in his case at 5848-2001. (Doc. 8 ¶ 5; Doc. 8-2, Copy of Criminal Docket in *Commonwealth v. Parrish*, Docket No. CP-67-CR-0001110-2002, at 4.) Parrish did not file a direct appeal from his judgment of sentence. (Doc. 1 at 2 ¶ 8; Doc. 8 ¶ 6; Doc. 8-2.) He also has not filed any other petitions, applications, or motions concerning this conviction in any state court. (Doc. 1 at 3 ¶ 10.)

## II.     PROCEDURAL BACKGROUND

Parrish filed the instant Petition on March 29, 2011. (Doc. 1.) Because it appeared that the Petition may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), by Order dated April 11, 2011, the Court directed service of the Petition on the Commonwealth of Pennsylvania and the District Attorney of York County and further directed the filing of a response within twenty-one (21) days addressing whether the Petition was timely filed. (Doc. 4.) The Order also provided that, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005), Parrish could file a reply to Respondent's submission within fourteen (14) days of its filing. (*Id.*)

In response to our Order, on May 20, 2011, the Office of the District Attorney

of York County filed a Motion to Dismiss the Petition as Untimely on behalf of Respondent. (Doc. 8.) Parrish did not file a reply. However, within the time period designated for Parrish to file a reply, on June 2, 2011, he filed a Motion in which he requests that this Court accept the Petition as timely filed based upon the United States Supreme Court's ruling in *Padilla v. Kentucky*, 559 U.S. - - - -, 130 S. Ct. 1473 (2010). (Doc. 9.) We therefore construe Parrish's Motion as his reply to Respondent's Motion. The issue of the timeliness of the instant Petition thus is ripe for disposition.

## III.    DISCUSSION

The Antiterrorism Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, Section 2244(d)(1) of Title 28 of the United States Code provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>        (C) the date on which the constitutional right asserted was initially

>recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pennsylvania Rule of Criminal Procedure 720(A)(3) provides that, if a defendant does not file a timely post-sentence motion, the defendant's appeal from a judgment of sentence must be filed within thirty (30) days of its imposition. In the instant case, Parrish does not dispute that, because he did not file a direct appeal from either of the judgments of sentence at issue, the March 6, 2002 judgment of sentence became final on April 5, 2002, and the June 19, 2002 judgment of sentence became final on July 19, 2002. (*See* Doc. 9, Pet'r's Mot., ¶¶ 3-6.) As such, the one-year statute of limitations to file a § 2254 habeas petition challenging those convictions would have expired on April 7, 2003 and July 21, 2003.[2] However, Parrish asserts that he is entitled to a later start of the statute of limitations to file the instant Petition pursuant to 28 U.S.C. § 2244(d)(1)(C). (*See id.* ¶¶ 7-10.) Specifically, he contends that, on March 31, 2010, the date the United States Supreme Court issued its decision in *Padilla*, *supra*, it initially recognized a new constitutional right and that the ruling was made retroactive because

---

[2]Because the last days of the respective limitations periods, April 5, 2003 and July 19, 2003 were Saturdays, the limitations periods expired on the next day that is not a Saturday, Sunday, or legal holiday, namely April 7, 2003 and July 21, 2003. *See* Fed. R. Civ. P. 6(a)(1)(C).

it was "an application of old law." (*See id.* ¶¶ 9-10.) Accordingly, Parrish contends that, pursuant to § 2244(d)(1)(C), the statute of limitations for him to file the instant Petition began to run on March 31, 2010, and thus his Petition, filed on March 29, 2011, two (2) days before the expiration of the one (1) year statute of limitations, is timely. (*See id.* ¶ 9.)

Parrish also refers to *Padilla* in his Petition. In the section of his form Petition in which Parrish is asked to explain why, if his judgment of conviction became final over one year ago, the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar his habeas petition, Parrish cites *Padilla* and articulates its holding as being that "a defense lawyer was ineffective for not warning his noncitizen client that he would almost certainly be deported if he [pled] guilty." (*See id.* at 13 ¶ 18.) Parrish's statement of the holding in *Padilla* is accurate inasmuch as the Court held that Padilla's attorney provided him with ineffective assistance of counsel when he failed to advise Padilla, a native of Honduras, that his entry of a plea of guilty subjected him to automatic deportation. *Padilla*, 130 S. Ct. 1473. Parrish suggests that, because the *Padilla* Court determined that the ineffective assistance test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) was applicable in determining whether Padilla's attorney was ineffective in failing to advise his client of the deportation consequences of his guilty plea, the case itself therefore has "retroactive effect for individuals who have state habeas 2254 and 2255."

6

(*See id.*)  He also opines that *Padilla* has "left open the possibility of extending the requirement to other consequences of pleading guilty." (*See id.*)

Parrish does not assert either in his Petition or his Motion that he is subject to deportation consequences as a result of the guilty pleas at issue or that he is challenging his counsel's effectiveness with respect to the guilty pleas at issue on grounds that his counsel failed to advise him of potential deportation consequences.  As such, his reliance on *Padilla* is entirely misplaced.  In his Petition, the sole ground Parrish raises for relief is that the attorney who represented him in the criminal proceedings in the York County Court of Common Pleas in which he entered the guilty pleas at issue did not advise Parrish that the convictions potentially could be used as a basis to apply the career criminal enhancement in calculating a future federal sentence. (Doc. 1 at 5, Ground One.)

Regardless of whether *Padilla* leaves open the possibility that, in future cases, an attorney may be found to be ineffective under the *Strickland* standard for failing to advise clients of consequences of pleading guilty other than deportation consequences, the fact is that the Court's holding in *Padilla* is limited to a finding that counsel was ineffective for failing to advise his client of the deportation consequences of his guilty plea.  As such, even though the United States Court of Appeals for the Third Circuit has held that the holding in *Padilla* requiring that plea counsel advise an alien defendant of

7

potential deportation consequences of a guilty plea is retroactive for purposes of challenging a plea conviction, *see United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011), *Padilla* has no application in this case to allow for a later start date of the statute of limitations under § 2244(d)(1)(C) where the sole ground in Parrish's Petition does not challenge his counsel's ineffectiveness for failing to advise him of deportation consequences of his guilty pleas, but instead challenges his counsel's alleged ineffectiveness for failing to advise him about the future applicability of the career criminal enhancement. Accordingly, where the convictions Parrish seeks to challenge in the instant Petition became final on April 5, 2002 and July 19, 2002 such that the one-year statute of limitations to file a § 2254 habeas petition challenging those convictions expired on April 7, 2003 and July 21, 2003, we find that the instant Petition, filed almost eight (8) years after the expiration of the limitations periods, clearly is untimely.

We also find that there is no basis for statutory or equitable tolling of the statute of limitations. (Doc. 8.) Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). Parrish admits in his Petition that he never filed any petitions for seeking collateral review of the convictions at issue in state court. (*See* Doc. 1 at 3 ¶ 10.) Thus, there is no basis for tolling of the statute of limitations pursuant to § 2244(d)(2).

With respect to equitable tolling, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999) (citing *Miller v. New Jersey State Department of Corrections,* 145 F.3d 616 (3d Cir. 1998)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Parrish has not asserted any basis for equitable tolling of the statute of limitations either in his Petition or Motion to Accept the Petition as Timely.  Moreover, as asserted by Respondent in its Motion to Dismiss, the sheer number of years between the expiration of the deadline to file the instant Petition and the date of its actual filing suggests that Parrish failed to exercise reasonable diligence throughout the limitations period he seeks

to toll. As such, we find no basis for equitable tolling of the statute of limitations in this case.

## IV.   CONCLUSION

For the foregoing reasons, we find that the instant Petition was filed after the expiration of the § 2244(d) limitations period, and thus, this matter clearly is time-barred and cannot be considered by this Court. Accordingly, we shall deny Petitioner's Motion to Accept the Petition as Timely, we shall grant Respondent's Motion to Dismiss the Petition as Untimely, and the Petition will be dismissed. An appropriate Order will enter.